UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT F. KERR,
Plaintiff-Appellee,

v.

T. A. MCMULLEN CONSULTANTS,
INCORPORATED,
Defendant-Appellant.

No. 00-2370

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CA-00-143)

Submitted: May 8, 2001

Decided: May 30, 2001

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert L. Duecaster, Manassas, Virginia, for Appellant. Paul V.
Waters, Conrad Christopher Ledoux, SPRIGGS & HOLLINGS-
WORTH, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert F. Kerr and T.A. McMullen Consultants, Inc.[TAMCI] entered into an agreement terminating an employment contract under which Kerr, the Mid-Atlantic Regional Manager for TAMCI, released all claims except those for payments due from open invoices. This appeal follows the award by the district court of"direct fees" and "consultant commissions" under the terms of the employment contract. We affirm.

TAMCI alleges that a misreading of a sentence in the dissolution agreement by the district court led to a misinterpretation of the terms of that agreement. This court reviews the district court's factual findings for clear error and legal principles of contract interpretation de novo. Hendricks v. Central Reserve Life Ins. Co. , 39 F.3d 507, 512 (4th Cir. 1994). The parties agree that the dissolution agreement preserved Kerr's right to seek payment for "open Invoices." Because the dissolution agreement did not define the "open Invoices" for which Kerr's right to payment was preserved, the court concluded that the dissolution agreement incorporated by reference the compensation structure set forth in the employment contract. The employment contract addressed the calculation of Kerr's compensation for fees and commissions and was never modified by agreement of the parties during the life of that contract. We conclude that the district court reasonably interpreted the dissolution agreement in conjunction with the earlier employment contract in determining the amount of compensation due Kerr for "open Invoices." First American Bank of Virginia v. J.S.C. Concrete Const., Inc., 259 Va. 60, 66, 523 S.E.2d 496, 500 (2000) (citing Doswell Ltd. Partnership v. Electric and Power Co., 251 Va. 215, 222, 468 S.E.2d 84,88 (1996)).

The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED